# EXHIBIT A

# EXHIBIT A-1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

DONALD H. RILEY JR. DBA          §
FASHION CLEANERS,                §
                                 §
        Plaintiff,               §
                                 §
v.                               §     CIVIL ACTION NO. _____
                                 §
SHELLI HULA-PALMER & SECURITY    §
NATIONAL INSURANCE COMPANY,      §
                                 §
        Defendants.              §
                                 §
                                 §

## **EXHIBIT A**

1. Index of All Documents Filed in the State Court Action

2. Docket Sheet in the State Court Action

3. Documents Filed in the State Court Action

   a. Plaintiff's Original Petition
      Filed:                August 31, 2017

   b. Issue of Citation on Defendant Security National Insurance Company by Certified
      Mail No. 7017 0530 0000 1697 3720
      Issued/Filed:         September 5, 2017

   c. Issue of Citation on Defendant Shelli Hula-Palmer by Certified Mail No. 7017 0530
      0000 1697 3713
      Issued/Filed:         September 5, 2017

   d. Return of Citation served on Defendant Security National Insurance Company by
      Certified Mail No. 7017 0530 0000 1697 3720
      Served:               No date stamp
      Filed:                September 19, 2017

   e. Record of Citation served on Defendant Shelli Hula-Palmer by Certified Mail No.
      7017 0530 0000 1697 3713
   f. Served:               September 5, 2017
      Filed:                September 22, 2017

g.  Defendants' Original Answer and Affirmative Defense to Plaintiff's Original Petition
    Filed:              September 28, 2017

# EXHIBIT A-2

## Case Information

B-17-09-1046-CV | Donald H. Riley Jr. DBA Fashion Cleaners vs. Shelli Hula-Palmer, Security National Insurance Company

| Case Number | Court | File Date |
|---|---|---|
| B-17-09-1046-CV | 161st District Court | 09/01/2017 |
| Case Type | Case Status | |
| Debt/Contract - Consumer/DTPA > $200K | Filed | |

## Party

**Plaintiff**
Riley Jr. DBA Fashion Cleaners, Donald H.

Active Attorneys ▾
Lead Attorney
HODGE, SHAUN W
Retained

**Defendant**
Hula-Palmer, Shelli

Active Attorneys ▾
Lead Attorney
Atchison, Raven M.
Retained

**Defendant**
Security National Insurance Company

Active Attorneys ▾
Lead Attorney
Atchison, Raven M.

Retained

## Events and Hearings

09/01/2017 Original Petition (OCA) ▾

    Comment
    Petition

09/01/2017 Case Information Sheet

09/05/2017 Citation ▾

    Comment
    CM-RRR 7017 0530 0000 1697 3713

09/05/2017 Citation ▾

    Comment
    CM-RRR 7017 0530 0000 1697 3720

09/11/2017 Service Returned Served ▾

    Comment
    CITATION BY CERTIFIED MAIL RETURNED SERVED ON September 8, 2017 RRR 7017 0530
    0000 1697 3720

09/19/2017 Service Returned Served ▾

    Comment
    CITATION BY CERTIFIED MAIL RETURNED SERVED RRR 7017 0530 0000 1697 3713

09/28/2017 DEFENDANT'S ORIGINAL ANSWER ▾

    Comment
    AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

## Financial

Riley Jr. DBA Fashion Cleaners, Donald H.

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $491.00 |
| | Total Payments and Credits | | | $491.00 |
| 9/1/2017 | Transaction Assessment | | | $491.00 |
| 9/1/2017 | Payment | Receipt # 2017-018460 | Riley Jr. DBA Fashion Cleaners, Donald H. | ($491.00) |

# EXHIBIT A-3

THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

DONALD H. RILEY JR. DBA          §
FASHION CLEANERS,                §
                                 §
        Plaintiff,               §
                                 §
v.                               §          CIVIL ACTION NO. _____
                                 §
SHELLI HULA-PALMER & SECURITY    §
NATIONAL INSURANCE COMPANY,      §
                                 §
        Defendants.              §
                                 §
                                 §

## INDEX OF DOCUMENTS FILED IN STATE COURT ACTION

1.  Plaintiff's Original Petition
        Filed:          August 31, 2017

2.  Issue of Citation on Defendant Security National Insurance Company by Certified Mail
    No. 7017 0530 0000 1697 3720
        Issued/Filed:   September 5, 2017

3.  Issue of Citation on Defendant Shelli Hula-Palmer by Certified Mail No. 7017 0530 0000
    1697 3713
        Issued/Filed:   September 5, 2017

4.  Return of Citation served on Defendant Security National Insurance Company by
    Certified Mail No. 7017 0530 0000 1697 3720
        Served:         No date stamp
        Filed:          September 19, 2017

5.  Record of Citation served on Defendant Shelli Hula-Palmer by Certified Mail No. 7017
    0530 0000 1697 3713
        Served:         September 5, 2017
        Filed:          September 22, 2017

6.  Defendants' Original Answer and Affirmative Defense to Plaintiff's Original Petition
        Filed:          September 28, 2017

# EXHIBIT A-3-a

FILED FOR RECORD

**Cause No.: B-17-09-1046-CV**
Ector County - 161st District Court
Ector County, Texas
08/31/2017 6:48PM
**Clarissa Webster**
**District Clerk**
By: I'nisha Carden, Deputy

CAUSE NO._____

| | | |
|---|---|---|
| **DONALD H. RILEY JR. DBA** | § | **IN THE DISTRICT COURT OF** |
| **FASHION CLEANERS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **ECTOR COUNTY, TEXAS** |
| **v.** | § | |
| | § | |
| **SHELLI HULA-PALMER &** | § | |
| **SECURITY NATIONAL INSURANCE** | § | _____ **JUDICIAL DISTRICT** |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DONALD H. RILEY JR. DBA FASHION CLEANERS ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of SHELLI HULA-PALMER and SECURITY NATIONAL INSURANCE COMPANY, ("SECURITY" or "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190, Level 2, and requests that the Court enter an appropriate scheduling order.

### PARTIES

2. Plaintiff DONALD H. RILEY JR. DBA FASHION CLEANERS is an individual domiciled in Ector County, Texas.

1. Defendant SECURITY is a domestic insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas.

Upon information and belief, its principal office is located in Dallas, TX. The Defendant may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY, 211 E 7TH ST, STE 620, AUSTIN TX 78701-3218, by certified mail, return receipt, or personal service.

3.  Defendant SHELLI HULA-PALMER is a Texas licensed public adjuster doing business at 4455 LBJ Frwy, Ste 700, DALLAS, TX 75244. This defendant may be served with process at this address.

### JURISDICTION AND VENUE

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking only monetary relief over $50,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiff reserves the right to amend this petition during or after the discovery process.

5.  The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

6.  Venue is proper in Ector County, Texas, because the insured Properties is situated in Ector County, Texas. and the events giving rise to this lawsuit occurred in this county.

### FACTS

7.  Plaintiff is the owner of a Texas Homeowner's Insurance Policy Number SBP1339448-00 ("the Policy"), which was issued by SECURITY

8.   Plaintiff owns the insured properties, which are specifically located at 1521 N Grant Ave, Odessa, TX 79761 and 4812 E University Blvd Odessa, TX 79762 (hereinafter the "Properties").

9.   SECURITY sold the Policy insuring the Properties to Plaintiff.

10.  On or about June 15, 2017 or June 23, 2017, a hail storm and/or windstorm struck Ector County, Texas, causing severe damage to homes and businesses throughout the area. The Properties sustained extensive structural and exterior damage during the storm. Additionally, water intrusion through the roof caused significant damage throughout the interior of the structure.

11.  Plaintiff submitted a claim to Defendant against the Policy for damages the Properties sustained as a result of the storm. Upon information and belief, Defendant assigned number 2722304-1 for the claim.

12.  Plaintiff asked that SECURITY cover the cost of repairs to the Properties, estimated at $251,323.47 and $163,869.19, respectively, pursuant to the Policy.

13.  Defendant set about to deny and underpay on properly covered damages. As a result of Defendant SHELLI HULA-PALMER'S unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair their Properties, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in their ability to fully repair their Properties, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy

14.   As detailed in the paragraphs below, SECURITY wrongfully denied Plaintiff's claim for repairs of the Properties, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, SECURITY underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

15.   To date, SECURITY continues to delay in the payment for the damages to the Properties. As such, Plaintiff has not been paid in full for the damages to their Properties.

16.   Defendant SECURITY failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Properties, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiff. SECURITY's conduct constitutes a breach of the insurance contract between SECURITY and Plaintiff.

17.   Defendant SECURITY misrepresented to Plaintiff that the damage to the Properties was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant SECURITY's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.   Defendant SECURITY failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant SECURITY's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.   Defendant SECURITY failed to explain to the Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant SECURITY failed to offer Plaintiff

adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant SECURITY did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant SECURITY's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20.    Defendant SECURITY failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant SECURITY. Defendant SECURITY's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

21.    Defendant SECURITY refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant SECURITY failed to conduct a reasonable investigation. Specifically, Defendant SECURITY performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Properties. Defendant SECURITY's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22.    Defendant SECURITY failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's

claim.   SECURITY's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

23.    Defendant SECURITY failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. SECURITY's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

24.    Defendant SECURITY failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for their claim. SECURITY's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

25.    From and after the time Plaintiff's claim was presented to Defendant SECURITY, the liability of SECURITY to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, SECURITY has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. SECURITY's conduct constitutes a breach of the common law duty of good faith and fair dealing.

26.    Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27.    As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing him with respect to these causes of action.

## CAUSES OF ACTION

28.   Defendants are liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

29.   The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

30.   Defendant SECURITY's conduct constitutes a breach of the insurance contract made between SECURITY and Plaintiff.

31.   Defendant SECURITY's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of SECURITY's insurance contract with Plaintiff.

32.   The Defendant's breach proximately caused Plaintiff's injuries and damages.

33.   All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34.   Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

35.   Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though SECURITY's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

40. Each of the foregoing unfair settlement practices were completed knowingly by the Defendants, and were a producing cause of Plaintiff's injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

41. The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice. The Defendant is liable for the Claim. Defendant's conduct

constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

42.    Defendant SECURITY's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

43.    Defendant SECURITY's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

44.    Defendant SECURITY's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

45.    Each of the foregoing unfair settlement practices were completed knowingly by the Defendants, and were a producing cause of Plaintiff's injuries and damages.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46.    The Defendants breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendants knew or should have known that liability was reasonably clear.

47.    Defendants' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, SECURITY knew or should have known

by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

48.   Defendants' conduct proximately caused Plaintiff's injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

49.   Defendants' conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

50.   Plaintiff is a "consumer" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

51.   The Defendants committed numerous violations of the Texas DTPA, insofar as Defendants:

   a)   Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b)   Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   c)   Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

   d)   Generally engaged in unconscionable courses of action while handling the Claim; and/or

   e)   Violated the provisions of the Texas Insurance Code described herein.

52.   The Defendants took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff's detriment. The Defendants' acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendants' violations of the DTPA, Plaintiff suffered actual damages. In addition, the

Defendants committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## COMMON LAW FRAUD

53.    Defendants are liable to Plaintiff for common law fraud.

54.    Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

55.    The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

56.    The Defendants knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits. The Defendants allowed Plaintiff to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment.   Plaintiff relied upon said statements in accepting the denial and/or underpayment of the Claim, and suffered injury as a result.

## DAMAGES

57.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

58.    The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the

Properties, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

59.    For breach of contract, Plaintiff is entitled to regain the benefit of thier bargain, which is the amount of thier claim, together with attorney's fees and pre-judgment interest.

60.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times thier actual damages. TEX. INS. CODE §541.152.

61.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

62.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

63.    For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

64. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

66. Plaintiff is not making any claims for relief under federal law.

### JURY DEMAND

67. Plaintiff requests a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition.*

### PRAYER

WHEREFORE, Plaintiff respectfully requests that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendants for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9)  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
The Hodge Law Firm, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT A-3-b

# THE STATE OF TEXAS

## CITATION BY CERTIFIED MAIL

DONALD H. RILEY JR. DBA FASHION CLEANERS
VS. SHELLI HULA-PALMER, SECURITY NATIONAL
INSURANCE COMPANY

CAUSE NO. B-17-09-1046-CV
IN THE 161ST DISTRICT COURT
OF
ECTOR COUNTY, TEXAS

TO:   SECURITY NATIONAL INSURANCE COMPANY,
      DEFENDANT - GREETINGS

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock a.m. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable John W Smith of Ector County, Texas at the Courthouse in said County in Odessa, Texas.

**Said Plaintiff's ORIGINAL PETITION was filed in said court on August 31, 2017 in the above entitled cause.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Odessa Texas on this the 5th day of September, 2017.

Attorney for Plaintiff:
SHAUN W HODGE
OLD GALVESTON SQUARE
2211 THE STRAND
STE 202
GALVESTON TX  77550

CLARISSA WEBSTER, CLERK
161st District Court
ECTOR COUNTY, TEXAS

Signed: 9/5/2017 3:53:26 PM

BY: _Heather Natividad_

Heather Natividad, Deputy

**NOTICE:**      This constitutes service by certified mail, as allowed by
RULE 106(a)(2) of the TEXAS RULE OF CIVIL PROCEDURE.

ATTACH RETURN RECEIPTS WITH

## *ADDRESSEE'S SIGNATURE*

RULE 106(A)(2) THE CITATION SHALL
BE SERVED BY MAILING TO THE
DEFENDANT BY ____ CERTIFIED MAIL
____RETURN RECEIPT REQUESTED, A
TRUE COPY OF THE CITATION.
SEC.17.027 RULE OF CIVIL PRACTICE
AND REMEDIES CODE IF NOT PREPARED
BY CLERK OF COURT.

Sent to:
**Security National Insurance Company**
**REGISTERED AGENT**
**CORPORATION SERVICE COMPANY**
**211 E 7TH ST STE 620**
**AUSTIN TX  78701**

_____
_____, Deputy Clerk

300 North Grant Ave., Rm. 301
Odessa, TX  79761

## *CERTIFICATE OF DELIVERY BY MAIL*

I hereby certify that on the _____ day
of

_____, 20_____

At _____ o'clock ____m., was delivered
to

_____.

Defendant(s) by registered mail or certified
mail, with delivery restricted to addressee
only, return receipt requested, a true copy of
this citation with a copy of the petition
attached thereto.

# EXHIBIT A-3-c

# THE STATE OF TEXAS

## CITATION BY CERTIFIED MAIL

DONALD H. RILEY JR. DBA FASHION CLEANERS
VS. SHELLI HULA-PALMER, SECURITY NATIONAL
INSURANCE COMPANY

CAUSE NO. B-17-09-1046-CV
IN THE 161ST DISTRICT COURT
OF
ECTOR COUNTY, TEXAS

TO:   SHELI HULA-PALMER, DEFENDANT - GREETINGS

**NOTICE TO DEFENDANT:** "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock a.m. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable John W Smith of Ector County, Texas at the Courthouse in said County in Odessa, Texas.

**Said Plaintiff's ORIGINAL PETITION was filed in said court on August 31, 2017 in the above entitled cause.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Odessa Texas on this the 5th day of September, 2017.

Attorney for Plaintiff:
SHAUN W HODGE
OLD GALVESTON SQUARE
2211 THE STRAND
STE 202
GALVESTON TX  77550



CLARISSA WEBSTER, CLERK
161st District Court
ECTOR COUNTY, TEXAS

Signed: 9/5/2017 3:52:32 PM

BY: _Heather Natividad_
    Heather Natividad, Deputy

**NOTICE:**      This constitutes service by certified mail, as allowed by
RULE 106(a)(2) of the TEXAS RULE OF CIVIL PROCEDURE.

ATTACH RETURN RECEIPTS WITH

## *ADDRESSEE'S SIGNATURE*

RULE 106(A)(2) THE CITATION SHALL
BE SERVED BY MAILING TO THE
DEFENDANT BY ____ CERTIFIED MAIL
____RETURN RECEIPT REQUESTED, A
TRUE COPY OF THE CITATION.
SEC.17.027 RULE OF CIVIL PRACTICE
AND REMEDIES CODE IF NOT PREPARED
BY CLERK OF COURT.

Sent to:
**Shelli Hula-Palmer**
**4455 LBJ FRWY STE 700**
**DALLAS TX  75244**

_____
_____, Deputy Clerk

300 North Grant Ave., Rm. 301
Odessa, TX  79761

## *CERTIFICATE OF DELIVERY BY MAIL*

I hereby certify that on the _____day
of

_____, 20____

At _____ o'clock ____m., was delivered
to

_____.

Defendant(s) by registered mail or certified
mail, with delivery restricted to addressee
only, return receipt requested, a true copy of
this citation with a copy of the petition
attached thereto.

# EXHIBIT A-3-d



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

Certified Mail Fee
$   2.06

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☒ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$

Total
$

(B-17-09-1046-CV)
Security National Insurance Company
REGISTERED AGENT CORPORATION SERVICE
COMPANY
211 E 7TH ST
STE 620
AUSTIN TX  78701

7017 0530 0000 1697 3720

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

(B-17-09-1046-CV)
Security National Insurance Company
REGISTERED AGENT CORPORATION SERVICE
COMPANY
211 E 7TH ST
STE 620
AUSTIN TX  78701

9590 9402 2683 6351 3488 52

2. Article Number (Transfer from service label)
7017 0530 0000 1697 3720

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ Chris Salzan _____    ☐ Agent
                                   ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
                                     SEP 08 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

# EXHIBIT A-3-e

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$  12.66

Total Postage and Fees
$

(B-17-09-1046-CV)
Sent To Shelli Hula-Palmer
Street 4455 LBJ FRWY
City, State STE 700
DALLAS TX  75244

PS Form          See Reverse for Instructions

7017 0530 0000 1697 3713

USPS MAIN POST OFFICE
Postmark
Here
SEP 6 2017
ODESSA, TX 79761-9800a

---



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article
(B-17-09-1046-CV)
Shelli Hula-Palmer
4455 LBJ FRWY
STE 700
DALLAS TX  75244

9590 9402 2683 6351 3484 49

2. Article Number *(Transfer from service label)*
7017 0530 0000 1697 3713

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

# EXHIBIT A-3-f

FILED FOR RECORD
Cause No.: B-17-09-1046-CV
Ector County - 161st District Court
Ector County, Texas
9/28/2017 2:28 PM
Clarissa Webster
District Clerk
By: Heather Natividad, Deputy

CAUSE NO. B-17-09-1046-CV

| | | |
|---|---|---|
| DONALD H. RILEY JR. DBA FASHION CLEANERS, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| vs. | § § | ECTOR COUNTY, TEXAS |
| SHELLI HULA-PALMER & SECURITY NATIONAL INSURANCE COMPANY, | § § § § | |
| *Defendants.* | § | 161ST JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendants Security National Insurance Company ("Security") and Shelli Hula-Palmer (collectively "Defendants") file their Original Answer and Affirmative Defenses to Plaintiff Donald H. Riley Jr. d/b/a Fashion Cleaners ("Plaintiff") Original Petition and would respectfully show the Court as follows:

### I.   GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained in Plaintiff's Original Petition, and demand strict proof thereof by a preponderance of the evidence.

### II.   AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are subject to all the terms, conditions, limitations and exclusions contained in Insurance Policy No. SBP1339448-00 issued by Security Insurance Company to Donald H. Riley Jr. d/b/a Fashion Cleaners and covering the period from August 1, 2016 to August 1, 2017 (the "Policy").

---

2.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents failed to give Defendants prompt written notice of the facts relating to the claim after loss.

3.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to give proper notice pursuant to the Texas Deceptive Trade Practices Act.

4.      The amount recoverable for Plaintiff's claims, if any, is limited by the applicable deductible, limits and any sub-limits contained in the Policy.

5.      Plaintiff's claims are barred, in whole or in part, to the extent any damage was not caused by or resulting from a covered cause of loss.

6.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period.

7.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

8.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's injury.

9.      Plaintiff's claims for alleged bad faith and violations of the Texas Insurance Code are barred to the extent Plaintiff did not sustain damages (if any) independent of the denial of benefits under the Policy.

10.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to meet all conditions precedent to the recovery it now seeks under the Policy, including, but not limited to, the Policy's Duties in the Event of Loss provisions.

11.     Plaintiff's claims are barred, in whole or in part, by the Policy's Suit Against Us Provision. Specifically, the Suit Against Us Provision dictates that no suit or action can be brought against Republic unless the terms of the Policy have been complied with.

12.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's claims against Defendants fail to state a claim upon which relief can be granted.

13.     Plaintiff's claims against Defendant Shelli Hula-Palmer are barred as there is no reasonable possibility that Plaintiff might recover against Hula-Palmer and to the extent Hula-Palmer was improperly named as a defendant solely to destroy diversity.

14.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Security and its employees, agents, representatives, and adjusters are entitled to value claims differently from Security's policyholders without facing bad faith or extra-contractual liability. Security would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence to covered property.

15.     Defendants reserve the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

### III.     JURY DEMAND

Plaintiff has demanded a trial by jury and has paid the applicable fee.

### IV.     PRAYER

Defendants pray that (i) Plaintiff's claim for relief be denied in its entirety, (ii) Plaintiff take nothing by its claims, and (iii) Defendants be granted such other and further relief to which the Court may find they are justly entitled.

Respectfully submitted,

ZELLE LLP

By:    /s/ Raven M. Atchison
Steven J. Badger
Texas Bar No. 01499050
SJBdocket@zelle.com
Raven M. Atchison
Texas Bar No. 24073864
Ratchison@zelle.com
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: (214) 742-3000
Facsimile: (214) 760-8994

**ATTORNEYS FOR DEFENDANTS**
**CERTIFICATE OF SERVICE**

        This is to certify that a true and correct copy of this Original Answer and Affirmative Defenses to Plaintiff's Original Petition has been served this 28th day of September 2017, as follows:

        Shaun W. Hodge
        Texas Bar No. 24052995
        THE HODGE LAW FIRM
        2211 Strand, Suite 302
        Galveston, Texas 77550
        Telephone:    409-762-5000
        Facsimile:     409-763-2300
        shodge@hodgefirm.com
        *Attorneys for Plaintiff*

                                        /s/ Raven M. Atchison
                                          Raven M. Atchison